Weston Msikita, pro se Plaintiff
13105 SW. 16th Court
Apt. L208
Pembroke Pines, Florida   33027
wmsikita@gmail.com



FILED BY_____D.C.

JUN 11 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

| | | |
|---|---|---|
| **WESTON MSIKITA,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | |
| **THOMAS B. VILSACK, SECRETARY,** | : | |
| **US DEPARTMENT OF AGRICULTURE** | | |
| **ANIMAL AND PLANT HEALTH** | : | |
| **INSPECTION SERVICE (APHIS),** | : | |
| **U.S. DEPARTMENT OF AGRICULTURE,** | : | **Bench Decision Requested** |
| **Defendant.** | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's rights granted under

the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title

VII").   Plaintiff was discriminated and retaliated against based on his race, national origin, and

prior protected EEO activity when he was issued a letter of instruction, management maintained

a false database of his pest identification, was placed on a performance improvement plan, issued

a letter of reprimand, falsely accused of false pathogen identification, and was referred to the

national specialists for review of his pest identification.

JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U. S. C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

2.      The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the U.S. Department of Agriculture ("the employer"), and the incidents were disclosed to upper management that included the Administrator, and Assistant Secretary of Agriculture. The claims arise from events that took place between 2014 and 2017 in the facility located in Miami, Florida.   Accordingly, the venue lies in the United States District Court for the Southern District of Florida.

PARTIES

1.      The pro se Plaintiff, Weston Msikita, is an adult individual who has a mailing address of 13105 SW, 16th Court, Apt. L208, Pembroke Pines, Florida 33027.   His email is: wmsikita@gmail.com.

2.      The Defendant, Thomas B. Vilsack, is the Secretary of U. S. Department of Agriculture (USDA) with the Headquarter at 1400 Independence Ave., S.W., Washington, DC 20250.

3.      At all relevant times, Thomas David Farmer, GS-13, was National Operations Manager, Field Operations, Animal Plant Health Inspection Service (APHIS), USDA, Raleigh, North Carolina.

4.      At all relevant times, Louis V. Volpe was South Florida Port Director, GS-13. He was Plaintiff's second line supervisor from mid-August 2016 at APHIS, USDA Miami Inspection Station (PIS), Florida.

5.      At all relevant times, Pedro Millan was South Florida Port Director, APHIS USDA, Miami PIS, FL. He was Plaintiff's first line supervisor until his retirement on April 1, 2016.

6.      At all relevant times, Carlos A. Caraballo was Plant Protection and Quarantine (PPQ) Supervisor at APHIS, USDA, Miami PIS, Florida.   He became Plaintiff's first line supervisor from April 1, 2016.   On August 4, 2017, Caraballo retired.

7.      At all relevant times, Edna Citron-Velasquez was PPQ Supervisor at APHIS, USDA Miami PIS, Florida.   Between August 2017 and January 2018 Velasquez served as Plaintiff's first line supervisor.

8.      At all relevant times, Gabriel Sanchez was PPQ Supervisor, GS-12, at APHIS, USDA, Miami PIS, Florida.   Between January 2018 and October 2019 Sanchez served as Plaintiff's first line supervisor.

9.      At all relevant times, John McKemy was a USDA APHIS National Mycologist/Plant Pathologist located at the National Identification Services (NIS) in Beltsville, MD.

10.     At all relevant times, Megan Romberg was a USDA APHIS National Mycologist/Plant Pathologist at the National Identification Services in Beltsville, MD.

11.     U.S. Department of Agriculture engages in regulating policies and safeguarding of US Agriculture, for the purposes of Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

12.    The pro se Plaintiff, Weston Msikita, is of Black race, born in Zambia.

13. From October 7, 2013, to May 18, 2020, Plaintiff was employed as Plant Pathology

3

Identifier, GS-11 by the U.S. Department of Agriculture, APHIS.   There were two Plant

Pathology Identifiers stationed in Miami Plant Inspection Station: Plaintiff and Frederick

Zimmerman (Caucasian White born in America), until Zimmerman was promoted to GS-13

position at NIS headquarters in Riverdale, MD, in August 2016.

*Plaintiff's Prior Protected Activities*

15.     On May 29, 2015, Plaintiff wrote an e-mail to Paul Hornby, detailing the

problems he was facing with the NIS and stated: "There is little doubt that my quest to identify

viruses… [e]licited bigotry, hatred, and racial profiling" by John McKemy and Megan Romberg

at NIS.

16.     On October 2, 2015, Plaintiff spoke with Pedro Millan and complained about

racial discrimination by NIS, prompting Millan to request Dave Farmer, National Operations

Director to meet Plaintiff to resolve potential Civil Rights violation.

17.     On October 27, 2015, Plaintiff spoke with an EEO counselor and complained

about racial discrimination.

18.     On August 7, 2017, Plaintiff disclosed in email to Kevin Shea, USDA

Administrator of harassment due to his prior EEO activity.

19.     On November 16, 2017, Plaintiff disclosed harassment due to prior EEO activity,

to Stuart Bender, the Assistant Secretary of Agriculture. Plaintiff copied the disclosure to Kelvin

Shea, and Osama El-Lissy (USDA Deputy Administrator).

20.     On December 30, 2017, Plaintiff disclosed various incidents of harassment due to

prior EEO activity in email to the APHIS Violence Prevention Unit. Plaintiff copied the

4

disclosure to Kelvin Shea, Osama El-Lissy, and Assistant Secretaries of Agriculture, Stuart Bender, and Don Brice.

*Particulars of Allegations*

**The Plaintiff alleges that based on his race (Black), national origin (Zambian), and his prior protected EEO activities (since May 29, 2015), he was discriminated and retaliated against when:**

21.     In early August 2014 NIS identifiers, Megan Romberg, and John McKemy, sent a memo entitled "Concerns about identifications made by Miami Port Identified Weston Msikita" and transmitted it to all 4 USDA directors concerned with pest identification (David Farmer, Paul Hornby, Catherine Marzolf, and Calvin Shuler).

22.     In December 2014 Plaintiff was placed on a Performance Improvement Plan.

23.     In early March 2015 Plaintiff received a second memo issued by Megan Romberg and John McKemy, challenging his identifications.

24.     On October 2015 Plaintiff was falsely accused of not attending the American Psychopathological Society (APS) meeting in Pasadena, CA, and of having "significant discrepancies on [his] attendance report at the conference."

25.     On February 9, 2016 South Florida Area Director Pedro Millan issued an Official Letter of Instruction, in which Plaintiff was accused of releasing regulated pathogens into the environment, he was barred from sharing information related to his duties with colleagues, he was accused of decreased submission of pests to the NIS, of not being certified (when in fact he was certified several times by different Plant Pathologists in 2014 and 2015). And had all of his identification authorities revoked.

    a.   Pedro Millan retired on April 1, 2016.   He was replaced by Carlos Caraballo as the first line supervisor for Plaintiff.

26.    From February 9, 2016, to January 13, 2017, Plaintiff was required to send all identifications to NIS in Beltsville, Maryland.

27.    On October 26, 2016, management furnished Plaintiff an Excel Table that revealed a systematic pattern of false data that served as basis for the issuance of the Official Letter of Instruction.

28.    Between December 2, 2016, to January 13, 2017, Plaintiff was the sole Plant Pathology Identifiers required by USDA Plant Protection and Quarantine Supervisor Carlos Caraballo (at the National Operations Manager David Farmer's direction) to indicate "Fungi" as his tentative ID and on all his plant samples, including healthy plants without any fungal infection.

    a.   Marking "Fungi" on healthy plant samples in violation of the Plant Protection Act, 7 U.S.C. § 7701(5), would cause unnecessary delay in its cargo transmission to proceed to its destination.

29.    On February 8, 2017, Carlos Caraballo issued a Letter of Reprimand and accused Plaintiff of failure to follow instructions to only put comments on form 309 per standard identifiers' procedures and required him to send intercepted materials to the national identifiers.

    a.   Plaintiff was accused of making inappropriate comments in database when he had no control over final comments entered in the database.

    b.   The reprimand meant for 18 months was extended to 19 months and filed in Plaintiff's electronic file for 26 months.

30.     On February 8, 2017, Plaintiff was accused of correcting the taxonomy of the host plant entered by the Dept. of Homeland Security, which he was supposed to do.   This was cited in the Letter of Reprimand as the "failure to follow standard identifiers procedures."

31.     On February 8, 2017, Plaintiff was falsely accused of retaining a portion of samples and failing to submit the whole samples to the NIS for Final identification.   This was cited in the Letter of Reprimand as the "failure to follow standard identifiers procedures."

32.     On February 8, 2017, Plaintiff was subjected to a policy created only for him and no other Plant Pathology Identifiers were ordered to submit the entire samples to NIS depriving him the opportunity to build a collection of pests at the port as required in his position description.

33.     Since February 9, 2016 (the date of the Letter of Instruction) to May 18, 2020 (the time he quit his position in USDA), Plaintiff was the only Plant Pathology Identifier required to send the entire sample to the NIS National Specialists.

34.     Since February 9, 2016, to present no samples (slides) submitted by Plaintiff to NIS National Specialists were returned back to him to support pest collections; while other identifiers' samples were returned, pursuant to the policy applicable to all disciplines such as botany, entomology, malacology, and plant pathology.

    a.   The returned samples enables Plaintiff to build plant pathology collections or, otherwise called, mycology collections.

    b.   When Frederick Zimmerman was stationed at Miami station as Plant Pathologist along with Plaintiff, the NIS regularly returned samples for inclusion in the mycology collection. After Zimmerman's promotion to Riverdale MD, the NIS ceased sending samples for inclusion in the mycology collection.

7

      c.   On June 2, 2019, Zimmerman was replaced by Margarita Bateman.   The NIS

           Specialists returned samples for Bateman, but not for Plaintiff.

35.     Since February 9, 2016, to present, including on July 5, 2017, management, including Plaintiff's new supervisor Edna Citron-Velazquez, denied Plaintiff the opportunity to be promoted due to lack of samples to build plant pathology collections.

36.     Since July 5, 2017, to present, management failed to ensure, as required, that USDA return plant samples to Plaintiff—the samples that Plaintiff sent to NIS—after analyses by NIS were completed.

37.     On April 24, 2017, Plaintiff learned that John McKemy accused Plaintiff of making "over 94% of the identifications ... incorrect[ly] prior to February 9, 2016 (when the Letter of Instruction was issued)—the fact Plaintiff learned after having reviewed McKemy's affidavit submitted to the EEO investigator on April 24, 2017.

38.     From April 24, 2017, following their investigation by EEO appointed investigator, John McKemy and Megan Romberg increased their efforts to falsely accuse Plaintiff of making pathogen identification errors and have falsified the data in order to do so.

39.     On May 5, 2017 and November 16, 2017, Plaintiff requested for different NIS identifiers, other than McKemy and Romberg, to review his work was denied—the same requests he made previously in Sept. 2016 and January 2017.

40.     On May 22, 2017, McKemy falsely accused Plaintiff of retaining a portion of samples and failing to submit the whole sample to the NIS for final identification.

*Other Similarly Situated Individuals*

24.     Frederick Zimmerman, Caucasian American born Plant Pathology Identifier with no history of EEO activity, was treated better than Plaintiff, until Zimmerman was promoted to GS-13 position in NIS, Riverdale, Maryland in August 2016.

        a.     Zimmerman was not replaced until June 2, 2019, when a second Plant Pathology Identifier, Margarita Bateman (Hispanic American born with no prior EEO activity), was hired at Miami station.

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

*Agency Case Number APHIS-2016-00502*

25.     On June 8, 2016, Plaintiff filed a formal EEO complaint. On July 11, 2016, the case was dismissed by Defendant without investigation.   Upon appeal, the Office of Federal Operations on January 11, 2017, remanded the case back to Defendant for investigation and issuance of the Report of Investigation.

*Agency Case Number APHIS-2017-00694*

26.     On March 17, 2017, and on May 30, 2017, Plaintiff contacted the EEO counselor to amend the 2016 EEO case.   On May 30, 2017, Plaintiff was told to file a new claim instead. On June 1, 2017, Plaintiff filed a second EEO complaint with EEO counselor.   On September 6, 2017, Plaintiff filed the second formal EEO complaint.

27.     On February 27, 2020, Defendant issued its Final Agency Decision incorporating the EEOC Administrative Judge's summary judgment, dated February 20, 2020, which consolidated the two EEO cases.

28.     On March 31, 2021, the EEOC Office of Federal Operations affirmed the Administrative Judge's summary judgement.

<u>REMEDIES and RELIEF</u>

29.     Plaintiff, seek appropriate remedies, pecuniary and non-pecuniary, including but not limited 1400, Compensatory Damages based on 79 employees, Attorney fees, forward and back pay.

<u>NO JURY DEMAND</u>

30.     The Plaintiff herein hereby a bench decision on all issues in this action.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant.

Respectfully Submitted,

Date:  06/11/21

[signed]/s/ _____
_____, pro se
Address: 13105 SW 16th CT # L-208,
Pembroke Pines, FL 33027
Email: wmsikita@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that the above was served on the entity identified below on the date of the signature below by means indicated below:

US DISTRICT COURT
FOR THE ____DISTRICT OF ___
Address _____

Via Hand Delivery or Certified Mail
Return Receipt on date: _____.


____, Secretary
U.S. Department of _____
Address _____

Via Certified Mail Return Receipt
On date: _____

Attorney General Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Via Certified Mail Return Receipt
 On date: _____.


____, U.S. Attorney
US. Attorney's Office
Address_____

Via Certified Mail Return Receipt
On date: _____


[signed]/s/ _____
_____, pro se
**Address:** 13105 SW 16th CT #L208,
Pembroke Pines FL 33027
**Email**: wmsikita@gmail.com

11